IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-116 |
| | ) | (Phillips / Shirley) |
| JACOB RONALD REED, and | ) | |
| ZACHARY DANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 14, 2008, for a hearing on Defendant Jacob Ronald Reed's Motion for Continuance of Trial and for Scheduling Conference [Doc. 24]. Mr. Reed was present with his counsel, Attorney Herbert S. Moncier. Attorney Kim Tollison was present on behalf of Defendant Zachary Dance, who was also present. Assistant United States Attorney Hugh B. Ward was present on behalf of the government.

At the time of the hearing, this case was currently scheduled for trial on February 19, 2008, before the District Court. Attorney Tollison announced Mr. Dance's intention to enter a change of plea, rather than proceed to trial (and the Court now observes that he has done so, [Doc. 30]). Attorney Moncier and AUSA Ward informed the Court that until recently it appeared they would reach an agreed disposition of the charges against Mr. Reed which would, likewise, include a resolution short of trial. However, the parties informed the Court that despite earlier expectations,

they have been unable to reach agreement and expressed their joint position that it was now appropriate to schedule a date for trial as to Mr. Reed.

Both Attorney Moncier and AUSA Ward stated that given this development, both parties will need a reasonable period of time to prepare for trial. Both Defendant Reed and the United States have proceeded in reliance upon the belief that the case would not proceed to trial and have focused their efforts on other aspects of the case, to include plea negotiations. Attorney Moncier and AUSA Ward informed the Court that important issues of evidence suppression will now be raised prior to the trial. Attorney Moncier specifically requested leave to late file pretrial motions, to include a motion to suppress a statement Mr. Reed is alleged to have given to police following his arrest; and the government did not oppose the request.

Defendant Reed stated that he understood the need to continue the case and agreed with his counsel's request that the Court afford adequate time for preparation. Defendant Reed agreed with Attorney Moncier's statement that it is in his best interest to continue the case for trial and agreed with the motion made for a continuance.

Attorney Moncier and AUSA Ward stated that they believe the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Attorney Tollison agreed with that position.

At the hearing, the Court found that the request for a continuance of the case for trial was well-taken and agreed with the parties that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant Reed in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court also found that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. §

2

3161(h)(8)(B)(iv). The Court found that given the recent change in the posture of the case, defense counsel and the attorney for the government would not have had enough time to review their respective factual investigations, prepare to present and rebut proof before a jury or complete trial preparation before the scheduled trial date before the District Court, February 19, 2008. The Court found that failure to grant a continuance would be likely to make the proceedings impossible in that it would be unlikely that witnesses could be expected to offer testimony on such short notice, even if counsel were prepared to proceed. See 18 U.S.C. § 3161(h)(8)(B)(I). In addition, the failure to grant a continuance would wholly deprive Defendant Reed of the ability to pursue issues of suppression he has identified with respect to a statement the government seeks to introduce against him at trial. Such a hastily prepared trial in such a weighty matter, and without proper resolution of identified suppression issues, would be likely to result in a miscarriage of justice for either the defendant, the government or both. See 18 U.S.C. § 3161(h)(8)(B)(I).

Attorney Moncier and Assistant United States Attorney Ward stated their belief that all the time between the date of the hearing, and the new date of the trial is excludable from the operation of the Speedy Trial Act.

Accordingly, it is ORDERED:

> 1. The Motion for Continuance of Trial and for Scheduling Conference [Doc. 24] is **GRANTED**.
>
> 2. The trial of this matter is reset to commence on **July 22, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.
>
> 3. All time between the date of the motion, **January 29, 2008,** and the new trial date, **July 22, 2008**, is fully excludable from operation of the Speedy Trial Act for the reasons set forth above. See 18 U.S.C. § 3161, et seq.

4. As requested, Mr. Reed may file pretrial motions on or before **February 28, 2008.** If such motions are filed, responses will be due **March 13, 2008.**

5. This Court will conduct an evidentiary hearing on the merits of the anticipated motion to suppress on **April 24, 2008, at 9:30 a.m.** At the suggestion of the parties, the Court has allotted the remainder of the day for this purpose.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge